UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN ARTHUR STACKHOUSE, )<br>)<br>Movant, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 4:09-CV-1230 (CEJ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of John Arthur Stackhouse to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response.

Following a jury trial, Stackhouse was found guilty of being felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Based on his prior Missouri convictions for illegal delivery of a controlled substance and tampering first degree, the Court determined that he was an armed career criminal. As a result, Stackhouse was sentenced pursuant to 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4(a). Under the Sentencing Guidelines, the range of imprisonment was 262-327 months. A sentence of 327 months imprisonment was imposed, and the judgment was affirmed on appeal.

After Stackhouse was sentenced, the Eighth Circuit Court of Appeals in United States v. Williams, 537 F.3d 969, 975 (8th Cir. 2008), held that the Missouri offense of tampering first degree is not a crime of violence for purposes of § 924(e) and § 4B1.4(a). Although the Williams case was decided one month after Stackhouse was sentenced, his armed career criminal designation was not challenged on appeal.

The motion to vacate is based solely on Stackhouse's claim that he was denied effective assistance of counsel because his attorney failed to object to the armed career criminal enhancement at sentencing and on appeal. At the time of sentencing, the prevailing law in the Eighth Circuit was that auto tampering <u>was</u> a violent felony. <u>United States v. Johnson</u>, 417 F.3d, 990, 997 (8th Cir. 2005). Thus, it would have been futile for Stackhouse's attorney to have objected to the enhancement at sentencing. However, a challenge to the enhancement could have been asserted on appeal.

For the foregoing reasons, the Court concludes that Stackhouse is entitled to be resentenced in light of <u>United States v. Williams</u>.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of John Arthur Stackhouse to vacate, set aside, or correct sentence [Doc. #1] is **granted**.

**IT IS FURTHER ORDERED** that the United States Marshals Service shall transport the movant, in custody, from his present place of confinement to this District for resentencing on **Monday, March 21, 2011, at 10:00 a.m.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 11th day of February, 2011.